HENRY NUTT v JOSEPH THOMPSON.

The examination of a witness before a referee, which was taken in the presence of the parties to the suit, and signed by the witness, who has since died, may be read as evidence on the trial of the suit, in which such examination was taken.

CIVIL ACTION for a breach of contract; tried before *Buxton, J.,* at the January (Special) Term, 1873, of ROBESON Superior Court.

The suit commencing by writ under the old system, was instituted 26th August, 1863. It was subsequently referred, and upon the investigation by the referee, one Robert McKenzie was examined for the defendant, in the presence of the plaintiff's attorney and the defendant, and his examination was signed by himself and witnessed by referee. Nothing ever became of the reference, and the deposition of McKenzie remained in possession of defendant.

On the trial below this deposition of McKenzie, who is dead, was offered in evidence by defendant. It was objected to, and ruled out by his Honor. There was a verdict for the plaintiff. Judgment and appeal by defendant.

Other facts pertinent to the decision will be found in the opinion of the Court.

*W. L. McKay* and *Strange*, for appellant.
*N. A. McLean*, contra.

BOYDEN, J. The first and the only question necessary for a decision of the case in this Court, is that in relation to the deposition of Robert McKenzie, taken by the referee, McRae. The case was referred to McRae for decision, and the parties, after due notice, appeared before McRae, the referee—the defendant in person, and the plaintiff by his attorney; and the case states, that by consent between plaintiff's counsel, and the defendant, Robert McKenzie was sworn and examined for the defendant, and it further appears that this witness' testimony was taken down in writing by the referee, and that the plaintiff by his counsel cross-examined the witness. This witness' evidence thus taken down in writing by the referee was produced on the trial and offered to be read, but the plaintiff objected to its being read for the following reasons:

1st. That it could not be read as a deposition taken in the cause, because it had not been taken for that purpose; it had not been authorized by the Court; it had never been filed in Court, but was produced now for the first time after a lapse of many years, and from the custody of the defendant; and lastly, the authority under which it had been taken had been revoked, and the plaintiff had good reason to suppose that everything done by the referee would go for nothing, and consequently he had taken no steps to correct

the statements of the witness made in his absence by re-examination or otherwise.

2d. It was objected that it could not be read as the evidence of a deceased witness, taken on a former trial between the same parties; because there had been no former trial. That the deposition of McKenzie, was both competent and relevant is too plain for argument. In the first place, it has the required tests to elicit the truth, as the witness was regularly sworn by the referee, who had authority to administer the oath, and he was subjected to a cross-examination on the part of the plaintiff, and it was taken in this idential case between these parties; and the witness is now dead. Both the reason of the thing, and the authorities cited by defendant's counsel, fully establish its competency.

But the plaintiff objects to its being read, on the ground that he was surprised, and had no opportunity to contradict the witness, or to show the falsity of the deposition. Is this so? According to the evidence, this witness testified to a conversation between the witness and the plaintiff himself, and it does not appear that any other person heard this conversation; and it does appear that the plaintiff was a witness himself, and could have contradicted the statements of the witness, if false, and could have explained them if erroneous in any particular; and if the witness was unworthy of credit, he could have impeached him. He needed no time to prepare to impeach the witness, as parties are not allowed, as a general rule, to continue causes for a witness to impeach another witness.

In the case of *Jackson on dem. Potter & Calvin*, 2 Johnson, 17, it was held that what a deceased witness had sworn before commissioners .appointed by an Act of the Legislature to settle disputes concerning titles to land in the county of Onandaga, was competent testimony in a suit thereafter tried between parties claiming title to the same lands, although neither of the suitors were parties or had a chance

to cross-examine the deceased witness. In this case the evidence was oral, and one of the commissioners was permitted to prove what the deceased witness had sworn.

This case is full authority to establish the competency of the evidence rejected.

There is error.

PER CURIAM.                                    *Venire de novo.*